﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200622-95732
DATE: November 30, 2020

ORDER

As there is no proper appeal of the fiduciary appointment of N.W.I, the appeal is denied.

FINDINGS OF FACT

1. In January 2016, N.W.I. was appointed as the Veteran’s fiduciary.

2. Beginning in 2019, the Veteran’s representative submitted written inquiry regarding the qualifications of N.W.I, initially as the representative for the Veteran’s former fiduciary, D.B., and then as the Veteran’s representative. 

3. In March and May 2020, the Director of the Department of Veterans Affairs (VA) Columbia, South Carolina Regional Office (RO) responded to the representative’s inquiry. 

4. The record does not contain a proper appeal of the January 2016 action in which the former fiduciary was appointed; the March and May 2020 letters are not appealable adjudications.

CONCLUSION OF LAW

There is no proper appeal of the fiduciary appointment of N.W.I. 38 U.S.C. §§ 501, 7105; 38 C.F.R. §§ 20.202, 13.600.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has determined that the Veteran is incompetent and that determination is undisputed. D.B. was originally appointed as the Veteran’s fiduciary; however, via a January 2016 decision letter, she was replaced by N.W.I. Parenthetically, it appears from the record that a new fiduciary has recently been appointed as indicated above. 

Pursuant to 38 C.F.R. § 13.600, except as prescribed in paragraph (a) of this section, VA decisions regarding fiduciary matters are committed to the Secretary of Veterans Affairs’ discretion by law, as delegated to subordinate officials under this part, and cannot be appealed to the Board of Veterans’ Appeals (Board) or any court. 

(a) Appealable decisions. A beneficiary may appeal to the Board of Veterans’ Appeals the following decisions: 

(1) The Hub Manager‘s appointment of a fiduciary under § 13.100; 

(2) The Hub Manager‘s removal of a fiduciary under § 13.500; 

(3) The Hub Manager‘s misuse determination under § 13.400; 

(4) The VA Regional Office Director’s final decision upon reconsideration of a misuse determination under § 13.400(d); and 

(5) The Director of the Pension and Fiduciary Service’s negligence determination for purposes of reissuance of benefits under § 13.410. 

(b) Procedures. 

(1) VA decisions regarding fiduciary matters are final, subject only to the right of appeal prescribed in this section. 

(2) The initiation and processing of appeals under this section are governed by parts 19 and 20 of this chapter. 

See 38 U.S.C. § 501.

At the time of the January 2016 decision, an appeal consisted of a timely filed notice of disagreement (NOD) and, after a statement of the case (SOC) was issued, a timely and properly completed substantive appeal. See U.S.C. § 7105; 38 C.F.R. § 20.202. The January 2016 decision was not appealed. 

Beginning in 2019, the Veteran’s representative submitted written inquiry regarding the qualifications of N.W.I. at the time of the appointment, asserting that proper procedures were not undertaken. The representative initially contacted VA as the representative for the Veteran’s former fiduciary, D.B., but then presented inquiries as the Veteran’s representative. In March and May 2020, the Director of the Columbia, South Carolina RO responded to the representative’s inquiries. In the May 2020 response letter, the Director discussed the matter of whether a criminal background check or credit report was requested and whether N.W.I. was a proper entity for VA purposes. The Director explained that in the Veteran’s case a field examination was conducted, and is the procedural application of the regulation and meets the regulatory requirements for the appointment of a fiduciary. The Director further noted that the fiduciary had served as VA fiduciary under the definition of an entity based with the required business license and IRS Employer Identification Number (EIN). As such, she was not subject to a personal criminal background or credit check. Based on current regulations, a fiduciary will be considered an entity if the required elements of a business license and EIN are provided; however, an individual cannot serve as both an individual and an entity. The Director indicated that N.W.I. has continued to take appropriate measures while supervising any employees, and serving Veterans and beneficiaries. The needs of their beneficiaries are being met, accountings are timely and thorough, and all issues are resolved and the entity would continue to provide services for Veterans and beneficiaries. In sum, she indicated that N.W.I. would continue to serve as fiduciary for veterans, presumably to include the Veteran in this case.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claims to seek review. In June 2020, the representative submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) and elected Direct Review by Veteran Law Judge. 

The representative responded to the Director’s letters with the “Notice of Disagreement,” and with assertions that the original appointment of N.W.I. was improperly made. It is clear he is seeking to appeal the original action in which that fiduciary was appointed per 38 C.F.R. § 13.600(a)(1). However, he did not properly appeal that January 2016 action in accordance with the timely appeal requirements at that time, and the March 2020 and May 2020 letters of the Director were not appealable determinations per 38 C.F.R. § 13.600 as they were not appealable actions in which the fiduciary was appointed or removed, a misuse determination, a final decision upon reconsideration of a misuse determination, or a negligence determination for purposes of reissuance of benefits under § 13.410, but were rather informational in nature to the representative. 

 (Continued on the next page)

 

Thus, there is no proper appeal of the fiduciary appointment of N.W.I., and the appeal is denied.

 

 

S. L. Kennedy

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Connolly, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.